EDWARD G. POPLAWSKI (SBN 113590)
epoplawski@wsgr.com
LISA D. ZANG (SBN 294493)
lzang@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendants and Counterclaimants
COASTAL COCKTAILS, INC., dba
MODERN GOURMET FOODS, and
MARK GREENHALL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| GLOBEFILL INCORPORATED, a Canadian corporation, <br><br> Plaintiffs, <br><br> v. <br><br> COASTAL COCKTAILS, INC., a California corporation, doing business as MODERN GOURMET FOODS, and MARK GREENHALL, an individual. <br><br> Defendants. | CASE NO.:  8:17-cv-438 AG (JCGx) <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants Coastal Cocktails, Inc., doing business as Modern Gourmet Foods, and Mark Greenhall (collectively, "Defendants" or "Counterclaimants"), by and through their undersigned attorneys, hereby respectfully submit their Answer and Counterclaims to the Complaint filed on March 13, 2017 ("Complaint") by Plaintiff Globefill Incorporated ("Plaintiff" or "Counterdefendant") as follows. Except as explicitly admitted herein, each and every allegation of the Complaint is denied.

## JURISDICTION AND VENUE

1.    Defendants admit only that the Complaint purports that this is an action for damages, preliminary injunctive relief, and permanent injunctive relief, arising under (1) Section 43(a) of the Lanham Act, (2) the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*, (3) the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*, and (4) California state breach of contract law.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 1.

2.    Parties cannot confer subject matter jurisdiction on a court. Nevertheless, Defendants do not contest subject matter jurisdiction in this District for the limited purpose of this action only.

3.    Defendants do not contest that venue is proper in this District for the limited purpose of this action only.

## THE PARTIES

4.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, deny them.

5.    Defendants admit that Coastal Cocktails, Inc. (hereinafter, "Coastal") is a California corporation which does business as Modern Gourmet Foods. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 5.

6.    Defendants admit that Mark Greenhall (hereinafter, "Mr. Greenhall") is an individual living in Newport Beach.  Defendants do not challenge that this Court has personal jurisdiction over Mr. Greenhall.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 6.

7.    Defendants admit that Mr. Greenhall is the President of Coastal. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 7.

8.    Defendants deny the allegations of Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9.     Defendants admit that what purports to be a depiction of Globefill's bottle packaging in the shape of a skull (hereinafter, the "Alleged Trade Dress") is attached to the Complaint as Exhibit A.   Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint, and therefore deny those allegations.

10.     Defendants admit that United States Trademark Registration Certificate No. 4043730 states on its face "Globefill Incorporated (Canada Corporation)," "the mark consists of a configuration of a bottle in the shape of a skull," and "for: alcoholic beverages, namely, vodka."   Defendants further admit that what purports to be a copy of United States Trademark Registration Certificate No. 4043730 is attached to the Complaint as Exhibit B.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 10.

11.     Defendants deny the allegations of Paragraph 11 of the Complaint.

12.     Defendants admit that United States Copyright Registration No. VA 1-766-939 states on its face that "registration has been made for the work identified below."   Defendants further admit that what purports to be a copy of United States Copyright Registration No. VA 1-766-939 is attached to the Complaint as Exhibit C.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 12.

13.     Defendants admit that United States Copyright Registration No. VA 1-766-939 states on its face that the "Year of Completion" was 2007, the "Date of 1st Publication" was September 30, 2008, and the "Effective date of registration" was April 11, 2011.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 13.

14.     Defendants admit that United States Patent No. D589,360 (hereinafter, the "'360 Patent") states on its face that it claims "[t]he ornamental

design for a bottle, as shown and described." Defendants admit that the '360 Patent also states on its face that it was issued on March 31, 2009. Defendants further admit that what purports to be a copy of the '360 Patent is attached to the Complaint as Exhibit D. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 14.

15. Defendants admit that what purports to be photographs of cocktail mix in skull-shaped bottles are attached to the Complaint as Exhibit E. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 15.

16. Defendants admit that Globefill, in September 2014, filed a lawsuit against Coastal in the United States District Court for the Central District of California, Southern Division, designated Civil Action No. 14-cv-01486 DOC (DFMx) (hereinafter, the "Lawsuit"), purporting to allege claims for federal trademark infringement and federal unfair competition. Defendants admit that what purports to be a copy of the complaint filed in the Lawsuit is attached to the Complaint as Exhibit F. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 16.

17. Defendants admit that following service of the complaint filed in the Lawsuit, Coastal entered into settlement discussions with Globefill. Defendants admit that what purports to be a photograph of Coastal's previous hot sauce product in skull-shaped bottles is attached to the Complaint as Exhibit G. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 17.

18. Defendants admit that on March 2, 2015, Globefill and Coastal entered into a written settlement agreement (hereinafter, the "Settlement Agreement"), executed by Mr. Greenhall for Coastal. The document speaks for itself. Defendants admit that what purports to be a copy of the Settlement Agreement is attached to the Complaint as Exhibit H. Except as expressly

admitted herein, Defendants deny each and every remaining allegation in Paragraph 18.

19.    Defendants admit that what purports to be a photograph of Coastal's hot sauce product in skull-shaped bottles is attached to the Complaint as Exhibit I. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 19.

20.    Defendants admit that in October 2016, John Weber, who, upon information and belief, is counsel for Globefill, sent a communication to Douglas Morseburg, former counsel for Coastal.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 20.

21.    Defendants deny the allegations of Paragraph 21 of the Complaint.

## FIRST CLAIM FOR RELIEF

## ALLEGED FEDERAL UNFAIR COMPETITION

22.    Defendants incorporate by reference their responses to Paragraphs 1-21, as set forth above.

23.    Defendants deny the allegations of Paragraph 23 of the Complaint.

24.    Defendants deny the allegations of Paragraph 24 of the Complaint.

25.    Defendants deny the allegations of Paragraph 25 of the Complaint.

## SECOND CLAIM FOR RELIEF

## ALLEGED COPYRIGHT INFRINGEMENT

26.    Defendants incorporate by reference their responses to Paragraphs 1-25, as set forth above.

27.    Defendants deny the allegations of Paragraph 27 of the Complaint.

28.    Defendants deny the allegations of Paragraph 28 of the Complaint.

29.    Defendants deny the allegations of Paragraph 29 of the Complaint.

30.    Defendants deny the allegations of Paragraph 30 of the Complaint.

## THIRD CLAIM FOR RELIEF

## ALLEGED INFRINGEMENT OF THE '360 PATENT

31. Defendants incorporate by reference their responses to Paragraphs 1-30, as set forth above.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants admit only that Globefill has not expressly licensed Defendants under the '360 Patent. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the Complaint, and therefore deny those allegations.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

## FOURTH CLAIM FOR RELIEF

## ALLEGED BREACH OF CONTRACT

37. Defendants incorporate by reference their responses to Paragraphs 1-36, as set forth above.

38. Defendants admit only that the Settlement Agreement constitutes a binding written contract between Globefill and Coastal. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 38.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

## REQUEST FOR JUDGMENT

Defendants deny that Plaintiff is entitled to any of the relief sought in paragraphs A-G of Plaintiff's request for judgment. Defendants further deny that Plaintiff is entitled to any of the relief requested in the Complaint or to any relief whatsoever. Defendants lack sufficient knowledge or information to form a belief

as to the truth of the remaining allegations contained in paragraphs A-G of Plaintiff's request for judgment, and therefore deny those allegations.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in their Answer, and without admitting any allegations of the Complaint not expressly admitted, Defendants assert the following affirmative defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CLAIM

42.     As to each claim for relief, Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## NO UNFAIR COMPETITION AND NO TRADE DRESS INFRINGEMENT

43.     Defendants or either of them have not engaged in any unfair competition or "false designation of origin in the nature of trade dress infringement" vis-à-vis Plaintiff and have not otherwise engaged in any unlawful activity likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of any products of Defendants or either of them.  The identified United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress only confer a protectable interest, if at all, in the particular goods identified in the aforementioned Registration and as such have no bearing on any alleged unfair competition, "false designation of origin in the nature of trade dress infringement," or any other alleged unlawful activity.

## THIRD AFFIRMATIVE DEFENSE

## COPYRIGHT NON-INFRINGEMENT

44.     Defendants or either of them have not infringed, and currently do not infringe, United States Copyright Registration No. VA 1-766-939.

## FOURTH AFFIRMATIVE DEFENSE
## PATENT NON-INFRINGEMENT

45.    Defendants or either of them have not infringed, and currently do not infringe, the '360 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## FIFTH AFFIRMATIVE DEFENSE
## NO BREACH OF CONTRACT

46.    Defendants or either of them have not breached the Settlement Agreement.

## SIXTH AFFIRMATIVE DEFENSE
## NO VALID TRADE DRESS

47.    Plaintiff has no valid, protectable trade dress in which it enjoys any rights that may be asserted against Defendants or either of them.  United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress only apply, if at all, to alcohol products, and specifically, vodka.

## SEVENTH AFFIRMATIVE DEFENSE
## COPYRIGHT INVALIDITY

48.    United States Copyright Registration No. VA 1-766-939 is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

## EIGHTH AFFIRMATIVE DEFENSE
## PATENT INVALIDITY AND PATENT MISUSE

49.    The claims of the '360 Patent are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171. In addition, it is unenforceable through misuse because Plaintiff knew or should have known that the claims of the '360 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 171, but is, upon information and belief, unlawfully

attempting to prevent Defendants from selling hot sauce product in skull-shaped bottles, alleging infringement of a knowingly invalid patent.

### NINTH AFFIRMATIVE DEFENSE

### FAILURE TO COMPLY WITH 35 U.S.C. § 287

50.     Because Plaintiff failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff cannot recover any damages for alleged infringement of the '360 Patent.

### TENTH AFFIRMATIVE DEFENSE

### FUNCTIONALITY

51.     The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the elements claimed by Plaintiffs to be covered by United States Trademark Registration Certificate No. 4043730, the Alleged Trade Dress, United States Copyright Registration No. VA 1-766-939, the '360 Patent, and the use of United States Trademark Registration Certificate No. 4043730, the Alleged Trade Dress, United States Copyright Registration No. VA 1-766-939, and the '360 Patent are functional.  Therefore, those elements are not protectable.

### ELEVENTH AFFIRMATIVE DEFENSE

### LACK OF SECONDARY MEANING AND/OR DISTINCTIVENESS

52.     The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress lack distinctiveness, including, without limitation, secondary meaning.

### TWELFTH AFFIRMATIVE DEFENSE

### GENERIC TERMS

53.     The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress are generic.

## THIRTEENTH AFFIRMATIVE DEFENSE
## WAIVER, ACQUIESCENCE, AND ESTOPPEL

54.    Each of the purported claims set forth in Plaintiff's Complaint is barred by the doctrines of waiver, laches, acquiescence, equitable estoppel, unclean hands, and/or copyright and patent misuse.

## FOURTEENTH AFFIRMATIVE DEFENSE
## STATUTORY DAMAGES LIMITATION

55.    Plaintiff's claim for damages is statutorily limited by 17 U.S.C. § 412, 17 U.S.C. § 507, and/or 35 U.S.C. § 286.

## FIFTEENTH AFFIRMATIVE DEFENSE
## ABANDONMENT

56.    The claims made in the Complaint are barred, in whole or in part, by abandonment of United States Trademark Registration Certificate No. 4043730 and Alleged Trade Dress.

## SIXTEENTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE

57.    The claims made in the Complaint are barred, in whole or in part, because of Plaintiff's failure to mitigate damages, if such damages exist.  For example, Plaintiff has refused to engage in early settlement discussions with Defendants and has failed to take prompt action to try to obtain a reasonable settlement with Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## PROSECUTION HISTORY ESTOPPEL

58.    Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of United States Trademark Registration Certificate No. 4043730, United States Copyright Registration No. VA 1-766-939, and the '360 Patent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## NO EQUITABLE RELIEF

59.    As a result of Plaintiff's actions, Plaintiff is not entitled to equitable relief, including but not limited to Plaintiff's request for injunctive relief.

## NINETEENTH AFFIRMATIVE DEFENSE

## NO WILLFUL INFRINGEMENT

60.    Plaintiff's claims for enhanced damages and an award of fees and costs against Defendants have no basis in fact or law and should be denied.

## TWENTIETH AFFIRMATIVE DEFENSE

## THIRD-PARTY USE

61.    The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of the Alleged Trade Dress.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## NO DAMAGES

62.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## NO IRREPARABLE HARM

63.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## ADEQUATE REMEDY AT LAW

64.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
## DUPLICATIVE CLAIMS

65.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants for any alleged single wrong.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
## UNJUST ENRICHMENT

66.     Plaintiff will be unjustly enriched if allowed to recover any part of the damages it has allegedly suffered or any other remedy from the alleged conduct of Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
## CONTRARY TO PUBLIC POLICY

67.     To the extent that Plaintiff attempts to extend the terms of the Settlement Agreement to prevent Defendants' lawful activity, the Settlement Agreement is unenforceable and violates public policy.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
## SPECULATIVE DAMAGES

68.     Plaintiff's claims for lost profits and damages are barred because Plaintiff is seeking to recover lost profits and damages that are speculative in nature.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
## FALSE CLAIMS

69.     Plaintiff's claims as to Mr. Greenhall are barred as a matter of law because the Complaint makes numerous blatantly false claims.  At all times thereto, Mr. Greenhall acted on behalf of Coastal.  Thus, Mr. Greenhall cannot be held personally liable in this action.

## ADDITIONAL DEFENSES

70.     Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

## COUNTERCLAIMS

Defendants Coastal Cocktails, Inc., doing business as Modern Gourmet Foods, and Mark Greenhall (collectively, "Defendants" or "Counterclaimants"), for their counterclaims against Plaintiff Globefill Incorporated ("Plaintiff" or "Counterdefendant"), allege as follows:

## NATURE OF THE ACTION

71.     Plaintiff filed a Complaint against Defendants, alleging unfair competition and false designation of origin of its Alleged Trade Dress, copyright infringement, design patent infringement, and breach of contract.

## THE PARTIES

72.     Coastal is a California corporation having its principal place of business at 18011 Mitchell South, Suite B, Irvine, California, 92614.

73.     Mr. Greenhall is an individual residing in Newport Beach, California.

74.     Upon information and belief, Plaintiff is a Canadian corporation with its principal place of business at 333 Eglinton Avenue East, Toronto, Ontario, Canada M4P 1L7.

## JURISDICTION AND VENUE

75.     This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*; and the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.  This Court has subject matter jurisdiction over Plaintiff because, among other reasons, Plaintiff availed itself of the jurisdiction of this Court and engaged in acts giving rise to this controversy in this District.  There is a justiciable controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

76.     Venue is appropriate in the District under 28 U.S.C. §§ 1391 and 1400(a)-(b).

### STATEMENT OF FACTS

77.     On March 13, 2017, Plaintiff and Counterdefendant Globefill Incorporated filed a Complaint against Defendants and Counterclaimants Coastal Cocktails, Inc., doing business as Modern Gourmet Foods, and Mark Greenhall. The Complaint alleges causes of action for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, copyright infringement, design patent infringement, and breach of contract.

78.     Plaintiff alleges in its Complaint that it is the owner of all intellectual property rights consisting of and embodied in the Alleged Trade Dress.

79.     Among these alleged intellectual property rights, Plaintiff alleges that it is the owner of United States Trademark Registration No. 4,043,730.  During prosecution of the alleged federal trademark registration, Globefill stated that "the mark is in use in commerce on or in connection with all of the goods/all of the services . . . listed in the existing registration for this specific class: alcoholic beverages, namely, vodka."

80.     In addition, during prosecution of United States Trademark Registration No. 4,043,730, the Examining Attorney refused registration on grounds of non-distinctiveness.  In so refusing, the Examining Attorney stated that "the applied-for mark consists of a nondistinctive configuration of packaging for the goods . . . the skull shape is a commonly used decorative shape that would be viewed by consumers not as an indication of source, but rather, merely as a decoration or ornamental feature of the packaging of the goods."  In support of her statement that the skull-shaped design was a "commonly used decorative shape," the Examining Attorney further attached numerous depictions of prior skull-shaped objects, including, but not limited to, skull-shaped glass mugs, beer glasses, glass

1  pitchers, glass poison bottles, bowls, dishes, telephones, chocolate candies,

2  earbuds, headphones, DVD players, candles, and USB drives.

3      81.    In response to this rejection, Globefill made several narrowing

4  arguments that limited its federal trademark registration to skull product packaging

5  in the alcohol and spirits industry, and specifically, vodka.  In particular, Globefill

6  stated in a June 27, 2010 Response to Office Action that "It is hard to imagine how

7  an alcoholic beverage could be encased in a more distinctive package than

8  Applicant's Skull Product Packaging . . . Applicant submits a representative list of

9  vodka and photographs of the bottles for those vodkas, as it is apparent,

10 Applicant's bottle is the only skull-shaped bottle . . . Furthermore, Applicant's

11 Skull Product Packaging has been recognized as unique in the industry . . .

12 Applicant's Skull Product Packaging is the only skull-shaped bottle in the

13 alcoholic industry.  In addition to being unique as a container in the spirits field. . .

14 . Applicant's Skull Product Packaging is especially unique in the alcoholic

15 beverage industry and indeed is the only one of its kind in the market.  Applicant's

16 Skull Product Packaging also does not describe anything about its particular

17 content, vodka . . . The evidence the examining attorney relies on does not . . .

18 reflect any use of the skull shape in the alcoholic beverage industry . . . Applicant's

19 Skull Product Packaging is a[] unique container configuration in relation to vodka.

20 . . ."

21     82.    Thus, on information and belief, Globefill narrowed the scope of its

22 federal trademark registration to the use of the skull-shaped bottle design in

23 connection with alcoholic beverages, namely, vodka.  Coastal's hot sauce product

24 in skull-shaped bottles is an unrelated good to those that United States Trademark

25 Registration No. 4,043,730 is directed towards, as it is not vodka or an alcoholic

26 beverage.

27

28

83. In its Complaint, Globefill also alleges that it is the owner of United States Copyright Registration No. VA 1-766-939 and that Defendants have infringed United States Copyright Registration No. VA 1-766-939.

84. United States Copyright Registration No. VA 1-766-939 claims a glass bottle designed in the shape of an anatomical human skull. It is well-established in the copyright case law that, if otherwise valid, this copyright registration is limited only to the artistic features in the claimed skull-bottle design that are not governed by human anatomy or the glass medium. Thus, the scope of United States Copyright Registration No. VA 1-766-939 is narrow.

85. Globefill further alleges in its Complaint that it is the owner of the '360 Patent. The '360 Patent claims "[t]he ornamental design for a bottle, as shown and described." Figures 1-6 of the '360 Patent depict a glass bottle designed in the shape of an anatomical human skull. It is well-established in the patent case law that, if otherwise valid, this design patent is limited to only the ornamental aspects of the claimed design, and does not extend to the associated functional aspects. Further, there are several prior art references directed to skull-shaped bottle designs that were in the public domain as of at least 1875, such as U.S. Design Patent Nos. D23,399; D49,569; D117,550; D164,265; D431,463; D459,213. Thus, the scope of the '360 Patent, if otherwise valid, is also narrow.

## DEFENDANTS' FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION AND NO TRADE DRESS INFRINGEMENT

86. Defendants refer to and incorporate the allegations of Paragraphs 71-85 of their Counterclaims above.

87. An actual and justiciable controversy exists between Plaintiff and Defendants as to the alleged unfair competition, the alleged "false designation of origin in the nature of trade dress infringement," and other alleged unlawful

activity, as evidenced by Plaintiff's Complaint and Defendants' Answer to that Complaint, set forth above.

88.    Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants have not engaged in, and are not engaging in, unfair competition, "false designation of origin in the nature of trade dress infringement," and other alleged unlawful activity.

## DEFENDANTS' SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

89.    Defendants refer to and incorporate the allegations of Paragraphs 71-88 of their Counterclaims above.

90.    An actual and justiciable controversy exists between Plaintiff and Defendants as to the non-infringement of United States Copyright Registration No. VA 1-766-939, as evidenced by Plaintiff's Complaint and Defendants' Answer to that Complaint, set forth above.

91.    Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants do not infringe and have not infringed United States Copyright Registration No. VA 1-766-939.

## DEFENDANTS' THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

92.    Defendants refer to and incorporate the allegations of Paragraphs 71-91 of their Counterclaims above.

93.    An actual and justiciable controversy exists between Plaintiff and Defendants as to the non-infringement of the '360 Patent, as evidenced by Plaintiff's Complaint and Defendants' Answer to that Complaint, set forth above.

94.    Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants do not infringe and have not infringed the '360 Patent.

## DEFENDANTS' FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF TRADE DRESS INVALIDITY AND UNENFORCEABILITY

95.     Defendants refer to and incorporate the allegations of Paragraphs 71-94 of their Counterclaims above.

96.     An actual and justiciable controversy exists between Plaintiff and Defendants as to the invalidity and unenforceability of the Alleged Trade Dress, as evidenced by Plaintiff's Complaint and Defendants' Answer to that Complaint, set forth above.

97.     Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that the Alleged Trade Dress is invalid and unenforceable.

## DEFENDANTS' FIFTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF COPYRIGHT INVALIDITY AND UNENFORCEABILITY

98.     Defendants refer to and incorporate the allegations of Paragraphs 71-97 of their Counterclaims above.

99.     An actual and justiciable controversy exists between Plaintiff and Defendants as to the invalidity and unenforceability of United States Copyright Registration No. VA 1-766-939, as evidenced by Plaintiff's Complaint and Defendants' Answer to that Complaint, set forth above.

100.    Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that United States Copyright Registration No. VA 1-766-939 is invalid and unenforceable.

## DEFENDANTS' SIXTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY

101.    Defendants refer to and incorporate the allegations of Paragraphs 71-100 of their Counterclaims above.

102.   An actual and justiciable controversy exists between Plaintiff and Defendants as to the invalidity and unenforceability of the '360 Patent, as evidenced by Plaintiff's Complaint and Defendants' Answer to that Complaint, set forth above.

103.   Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that the '360 Patent is invalid and unenforceable.

<u>**DEFENDANTS' SEVENTH COUNTERCLAIM**</u>

<u>**DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT**</u>

104.   Defendants refer to and incorporate the allegations of Paragraphs 71-103 of their Counterclaims above.

105.   An actual and justiciable controversy exists between Plaintiff and Defendants as to the alleged breach of the Settlement Agreement, as evidenced by Plaintiff's Complaint and Defendants' Answer to that Complaint, set forth above.

106.   Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants or either of them have not breached the Settlement Agreement.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Defendants and Counterclaimants deny that Plaintiff is entitled to any of the relief sought in its request for judgment or any relief whatsoever.  Defendants and Counterclaimants respectfully request that this Court enter judgment in their favor, and against Plaintiff, as follows:

A.     That Plaintiff be denied all relief requested in its Complaint;

B.     That Plaintiff's Complaint be dismissed with prejudice in its entirety and that Plaintiff take nothing by its Complaint;

C.     That the Court enter a declaration that Defendants or either of them have not engaged in, and are not engaging in, unfair competition, "false designation of origin in the nature of trade dress infringement," and other alleged unlawful activity.

1   D.  That the Court enter a declaration that Defendants or either of them

2 have not infringed and do not infringe United States Copyright Registration No.

3 VA 1-766-939 and the '360 Patent;

4   E.  That the Court enter a declaration that the Alleged Trade Dress,

5 United States Copyright Registration No. VA 1-766-939, and the '360 Patent are

6 invalid and unenforceable;

7   F.  That the Court enter a declaration that Defendants or either of them

8 have not breached the Settlement Agreement;

9   G.  That the Court enter a declaration that this case is exceptional and that

10 Defendants be awarded their costs, expenses, and reasonable attorneys' fees

11 pursuant to 15 U.S.C. § 1117, 35 U.S.C. § 285, and 17 U.S.C. § 505;

12   H.  That Defendants be awarded such other and further relief as the Court

13 deems just and equitable.

14

15

16 Dated:  May 15, 2017     WILSON SONSINI GOODRICH & ROSATI

17               Professional Corporation

18

19            By:  */s/  Lisa D. Zang*

20               Lisa D. Zang

21            Attorneys for Defendants and
             Counterclaimants

22            COASTAL COCKTAILS, INC., dba
             MODERN GOURMET FOODS, and MARK

23            GREENHALL

24

25

26

27

28

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendants and Counterclaimants Coastal Cocktails, Inc., doing business as Modern Gourmet Foods, and Mark Greenhall hereby demand a jury trial of all issues triable by a jury.

Dated:  May 15, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:  _/s/  Lisa D. Zang_____
             Lisa D. Zang

Attorneys for Defendants and
Counterclaimants
COASTAL COCKTAILS, INC., dba
MODERN GOURMET FOODS, and MARK
GREENHALL