C. Dennis Loomis, Bar No. 82359
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California  90025-7120
Telephone:  (310) 820-8800
Facsimile:  (310) 820-8859
Email:  cdloomis@bakerlaw.com

Margaret A. Abernathy, Bar No. 300273
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036
Telephone:  (202) 861-1500
Facsimile:  (202) 861-1783
Email:  maabernathy@bakerlaw.com

Attorneys for Plaintiff
GLOBEFILL INCORPORATED, a Canadian corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| GLOBEFILL INCORPORATED, a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>COASTAL COCKTAILS, INC., a California corporation, doing business as MODERN GOURMET FOODS, and MARK GREENHALL, an individual,<br><br>Defendants. | Case No. 8:17-cv-438 AG (JCGx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**1. FEDERALLY REGISTERED TRADE DRESS INFRINGEMENT (LANHAM ACT § 32(1));**<br><br>**2. UNFAIR COMPETITION /FALSE DESIGNATION OF ORIGIN (LANHAM ACT §43(A));**<br><br>**3. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 ET SEQ.);**<br><br>**4. DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271(a));**<br><br>**5. BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

# FIRST AMENDED COMPLAINT

Globefill Incorporated, by its attorneys, as its amended complaint against Defendants Coastal Cocktails, Inc., doing business as Modern Gourmet Foods, and Mr. Mark Greenhall ("Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages, preliminary injunctive relief, and permanent injunctive relief, arising out of Defendants': (1) federally registered trade dress infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); (2) federal unfair competition and false designation of origin in the nature of trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (as amended); (3) copyright infringement under 17 U.S.C. §101 *et seq.*; (4) design patent infringement under 35 U.S.C. § 271 *et seq.*; and (5) breach of contract.

2. This Court has subject matter jurisdiction over the claims for relief arising under federal law pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, and 1338(a) and (b), and has pendent jurisdiction over the claims for relief arising under California law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

4. Plaintiff Globefill Incorporated (hereinafter "Globefill" or "Plaintiff"), is a Canadian corporation with its principal place of business at 333 Eglinton Avenue East, Toronto, Ontario, Canada M4P 1L7.

5. Defendant Coastal Cocktails, Inc. is a California corporation, which does business as Modern Gourmet Foods (hereinafter "Coastal"), with its principal place of business at 18011 Mitchell South, Suite B, Irvine, California 92614.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6. Upon information and belief, defendant Mark Greenhall (hereinafter, "Mr. Greenhall") is, and at all relevant times was, an individual living in Newport Beach subject to the personal jurisdiction of this Court.

7. Upon information and belief, Mr. Greenhall owns, controls and is the President of Coastal, and has personally directed, authorized and caused the infringing acts alleged herein, and thereby has incurred individual, personal liability to Globefill for all damages and harm suffered by Globefill as a result of those wrongful acts. Further upon information and belief, at all relevant times Coastal is and has been dominated and controlled by Mr. Greenhall; Coastal has failed to follow established corporate formalities; Coastal is and at all relevant times has been undercapitalized; and Mr. Greenhall has commingled the assets and funds of Coastal with his own, and used the assets and funds of Coastal to pay or support his own personal obligations and objectives.

8. As a result of these acts and omissions, Mr. Greenhall is the alter ego of Coastal. Unless Mr. Greenhall is held personally liable for the damages and relief awarded to Plaintiff against Coastal in this action, an injustice will result.

## STATEMENT OF FACTS

9. Globefill produces and sells an ultra-premium vodka in bottle packaging in the shape of a skull, as depicted in Exhibit A attached hereto and incorporated herein by this reference (hereinafter, the "Skull Bottle Trade Dress").

10. Globefill is the owner of all intellectual property rights consisting of and embodied in the Skull Bottle Trade Dress, and is the owner of United States Trademark Registration No. 4043730, covering trade dress that consists of "a configuration of a bottle in the shape of a skull" for use in association with "alcoholic beverages, namely vodka." A true and correct copy of Globefill's Registration Certificate No. 4043730 is attached hereto as Exhibit B and incorporated herein by this reference.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11. Pursuant to 15 U.S.C. § 1065, Globefill's Registration No. 4043730 is conclusive evidence of Globefill's ownership of the Skull Bottle Trade Dress, of the non-functionality and inherent distinctiveness of the Skull Bottle Trade Dress, and of Globefill's exclusive right to use the Skull Bottle Trade Dress in association with the goods identified therein.

12. Globefill is also the owner of all rights under copyright in Globefill's bottle packaging as depicted in Exhibit A, and has duly registered that work with the U.S. Copyright Office, assigned Copyright Registration No. VA 1-766-939. A true and correct copy of the Copyright Registration is attached hereto as Exhibit C and incorporated herein by this reference (hereinafter "Globefill's Copyright").

13. Globefill's Copyright was created in 2007 and first published on September 30, 2008, and was registered with the U.S. Copyright Office on April 11, 2011.

14. Globefill is also the owner of United States Patent No. D589,360 ("hereinafter the "'360 Patent") for the ornamental design for a bottle in the shape of a skull as shown in Exhibit A. The '360 Patent was duly issued by the United States Patent and Trademark office on March 31, 2009. The '360 Patent is valid and enforceable. A true and correct copy of the '360 Patent is attached hereto as Exhibit D and incorporated herein by this reference.

15. Beginning in or before 2014, Defendants were advertising, marketing, offering for sale, selling and shipping, in the United States, various cocktail mixes in a skull-shaped bottle that was substantially similar to and likely to cause confusion with Globefill's Skull Bottle Trade Dress. Photographs which present an accurate, true and correct depiction of Defendants' cocktail mix products in the infringing skull-shaped bottles are attached hereto as Exhibit E and incorporated herein by this reference.

16. After Defendants ignored a letter from Globefill demanding that Coastal cease and desist from further marketing and sale of products in the

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

infringing skull-shaped bottles, Globefill, on September 14, 2014, filed a lawsuit against Coastal in the United States District Court for the Central District of California, Southern Division, designated Civil Action No. 14-cv-01486 DOC (DFMx), alleging claims for federal trademark infringement and federal unfair competition (hereinafter the "Lawsuit") arising out of Coastal's sale and offer for sale of its cocktail mixes in infringing skull-shaped bottles. A true and correct copy of the Lawsuit is attached hereto as Exhibit F and incorporated herein by this reference.

17. Following service of the Lawsuit, Coastal, by Mr. Greenhall, entered into settlement discussions with Globefill. During the course of negotiations, Globefill discovered that, in addition to sale of cocktail mixes in the infringing skull shaped bottles, Coastal was also advertising, marketing, offering for sale, selling and shipping, in the United States, hot sauce in a skull shaped bottle that, although smaller and slightly different than Defendants' cocktail mix skull shaped bottle, was substantially similar to, likely to cause confusion with, and therefore infringing of Globefill's Skull Bottle Trade Dress. A photograph which presents an accurate, true and correct depiction of Defendants' hot sauce products in the infringing skull-shaped bottles is attached hereto as Exhibit G and incorporated herein by this reference. The settlement negotiations proceeded on the basis of Globefill's demand that Defendants desist from further marketing and sale of products in either the cocktail mix skull-shaped bottles or the hot sauce skull-shaped bottles, which were defined collectively as the "Accused Bottle."

18. On March 2, 2015, Globefill and Coastal entered into a binding, enforceable written settlement agreement (the "Settlement Agreement"), executed by Mr. Greenhall for Coastal, pursuant to which Coastal covenanted and agreed, following a limited sell off period, to cease and desist all further manufacture of any Accused Bottle and to refrain from marketing, offering for sale or selling any margarita mix or hot sauce in any Accused Bottle. A true and correct copy of the

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Settlement Agreement is attached hereto as Exhibit H and incorporated herein by this reference.

19. In the Fall of 2016, Globefill learned that Coastal, under the direction, control and authority of Mr. Greenhall, in material breach and repudiation of the Settlement Agreement and in violation of Globefill's intellectual property rights as further alleged below, is once again marketing, offering for sale and selling hot sauce in a skull-shaped bottle (hereinafter, the "New Infringing Bottle") that is substantially similar to the infringing skull-shaped bottle included as an Accused Bottle which Defendants covenanted in the Settlement Agreement to permanently discontinue. The New Infringing Bottle is substantially similar to, likely to cause confusion with, and therefore infringes, Globefill's trademark, copyright and patent rights in its Skull Bottle Trade Dress. Defendants are marketing and selling products in the New Infringing Bottle in such major national chain stores as K-MART, Sears and Target. A photograph which presents an accurate, true and correct depiction of Defendants' New Infringing Bottle is attached hereto as Exhibit I and incorporated herein by this reference.

20. In October 2016 and again in March 2017, Globefill sent cease-and-desist communications to Defendants' counsel. Defendants did not respond to either of these communications and did not cease their unlawful marketing and sale of products in the New Infringing Bottle.

21. Notwithstanding Globefill's written demands that Defendants honor and perform the obligations specified in the Settlement Agreement and cease and desist from all further infringement of Globefill's intellectual property rights, Defendants have continued to willfully, intentionally and flagrantly breach the Settlement Agreement and to infringe Globefill's rights by marketing, offering to sell and selling products in the New Infringing Bottle.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FIRST CLAIM FOR RELIEF – FEDERAL TRADE DRESS INFRINGEMENT

22. Globefill repeats, and incorporates here by this reference, the allegations set forth in paragraphs 1 through 21 hereinabove, inclusive.

23. Defendants' advertising, marketing, offering for sale and sale of consumer products, specifically hot sauce, in the New Infringing Bottle is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants' products with those of Globefill, in violation of Sections 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

24. By the acts alleged herein, Defendant has infringed Globefill's federally registered trade dress in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1). Defendant has hereby caused, is causing and will continue to cause Globefill serious and irreparable damage unless enjoined by this Court.

25. Upon information and belief, the aforesaid acts of trademark infringement have been undertaken with knowledge of Globefill's exclusive rights to Globefill's federally registered trade dress, and are willful, entitling Globefill to an award of treble damages and attorney fees in bringing and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF – FEDERAL UNFAIR COMPETITION

26. Globefill repeats, and incorporates here by this reference, the allegations set forth in paragraphs 1 through 21 hereinabove, inclusive.

27. Defendants' advertising, marketing, offering for sale and sale of consumer products, specifically hot sauce, in the New Infringing Bottle is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants' products with those of Globefill, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(as amended).

28. Defendants' conduct as alleged above has caused, is causing and, unless enjoined, will continue to cause Globefill to suffer serious and irreparable injury and harm, for which there is no adequate remedy at law.

29. Defendants have performed the acts alleged above with knowledge of Globefill's exclusive intellectual property rights and, upon information and belief, with the intent to trade upon Globefill's rights by creating confusion, mistake or deception among consumers, entitling Globefill to an award of treble damages and attorney fees in bringing and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. §1117(b).

### THIRD CLAIM FOR RELIEF – COPYRIGHT INFRINGEMENT

30. Globefill repeats, and incorporates here by this reference, the allegations set forth in paragraphs 1 through 21 hereinabove, inclusive.

31. Plaintiff is the holder of all exclusive rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and all amendment thereto, to reproduce, distribute, and otherwise exploit Globefill's Copyright throughout the United States.

32. Defendants' New Infringing Bottle is substantially similar to Globefill's Copyright. Upon information and belief, Defendants have knowingly and willfully copied Globefill's Copyright in the creation of the New Infringing Bottle.

33. Defendants' reproduction, public display and distribution of the New Infringing Bottle constitutes intentional, willful infringement of Globefill's Copyright, in violation of 17 U.S.C. § 501, entitling Globefill to damages under 17 U.S.C. § 502, including disgorgement of all profits realized by Defendants from the sale of products packaged in the New Infringing Bottle.

34. Defendants' infringement has also caused, and unless enjoined will continue to cause, serious and irreparable injury and harm to Globefill.

### FOURTH CLAIM FOR RELIEF – INFRINGEMENT OF THE '360 PATENT

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

35. Globefill repeats, and incorporates here by this reference, the allegations set forth in paragraphs 1 through 21 hereinabove, inclusive.

36. Globefill is the owner of all exclusive rights contained in the '360 Patent.

37. Neither Globefill nor any other authorized person or entity has licensed or otherwise authorized Defendants to practice the '360 Patent.

38. By the acts alleged herein, Defendants have directly, or through its subsidiaries, divisions, or groups, have infringed and continue to infringe the '360 Patent by making, using, selling, and/or offering to sell throughout this District and elsewhere in the United States and/or importing into this District and elsewhere in the United States, products such as but not limited to the Modern Gourmet Foods hot sauce contained in a skull-shaped bottle package that is covered by the skull-shaped bottle design contained in the '360 Patent. Therefore, Defendants are liable for infringement of the '360 Patent in violation of 35 U.S.C. § 271(a).

39. As a consequence of the infringement complained of herein, Globefill has been irreparably damaged to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement of the '360 Patent.

40. Upon information and belief, the aforesaid acts of patent infringement have been undertaken with knowledge of Globefill's exclusive rights to the '360 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Globefill to enhanced damages and reasonable attorney fees.

### FIFTH CLAIM FOR RELIEF – BREACH OF CONTRACT

41. Globefill repeats, and incorporates here by this reference, the allegations set forth in paragraphs 1 through 21 hereinabove, inclusive.

42. The Settlement Agreement constitutes a binding, enforceable written contract between Globefill and Coastal.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43. Globefill has performed all of the conditions, covenants, and promises required on its part to be performed under the Settlement Agreement.

44. Defendants have materially and totally breached the Settlement Agreement by continuing to sell, offer for sale, manufacture and ship the New Infringing Bottle, which is a skull-shaped bottle substantially similar to the Accused Bottle prohibited by the Settlement Agreement.

45. As a direct, proximate and foreseeable consequence of the breach of the Settlement Agreement by Defendants, Globefill has been damaged, in an amount to be proven at trial.

WHEREFORE, Globefill requests judgment as follows:

A. That Defendants, along with their officers, agents, servants, employees, attorneys, associates, and all other persons in active concert or participation with Defendants to whom notice of the injunction is given by personal service or otherwise, be enjoined, at first preliminarily and, thereafter, permanently, from making any use of any colorable imitation of Globefill's Skull Bottle Trade Dress in any manner whatsoever, specifically including but not limited to the New Infringing Bottle and the Accused Bottles;

B. That Defendants be ordered to deliver up to Globefill for destruction all materials comprising, associated with, bearing or packaged in skull-shaped trade dress, including but not limited to the New Infringing Bottle;

C. That Defendants be ordered to recall all goods, advertisements and promotional materials comprising, displaying, or packaged in, skull-shaped trade dress, including but not limited to the New Infringing Bottle, from their present locations, including, but not limited to, locations owned by others;

D. That Defendants be required to account to Globefill for and to disgorge to Globefill all profits derived by them from sales of products packaged in any skull

shaped trade dress, including but not limited to the New Infringing Bottle, and that such amount be trebled;

  E. Awarding damages to Globefill for all injuries and losses sustained by Globefill by reason of and as a proximate consequence of the wrongful acts and breach of contract by Defendants complained of herein;

  F. That Defendants pay Globefill's attorney fees, costs, and disbursements incurred in this action in view of the exceptional nature of this case due to the willful and intentional nature of the unfair competition and false designation of origin in the nature of trade dress infringement;

  G. That the Court enter an order denying the declarations sought by Defendants' Federal Declaratory Judgment Act request; and

  H. For such other and further relief as the Court deems just and proper.

Dated: May 26, 2017

BAKER & HOSTETLER LLP
C. Dennis Loomis
Margaret A. Abernathy


/s/ C. Dennis Loomis
C. Dennis Loomis

*Attorneys for Plaintiff*
GLOBEFILL INCORPORATED

# JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all matters properly so tried.

Dated: ____May 26, 2017

BAKER & HOSTETLER LLP
C. Dennis Loomis
Margaret A. Abernathy


/s/ C. Dennis Loomis
C. Dennis Loomis

*Attorneys for Plaintiff*
GLOBEFILL INCORPORATED