1  EDWARD G. POPLAWSKI (SBN 113590)
   epoplawski@wsgr.com
2  LISA D. ZANG (SBN 294493)
   lzang@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  633 West Fifth Street, Suite 1550
   Los Angeles, CA 90071
5  Telephone: (323) 210-2900
   Facsimile: (866) 974-7329
6
7  Attorneys for Defendants and Counterclaimants
   COASTAL COCKTAILS, INC., dba
8  MODERN GOURMET FOODS, and
   MARK GREENHALL
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                    **SOUTHERN DIVISION**

13  GLOBEFILL INCORPORATED, a
    Canadian corporation,
14
                                          )
15          Plaintiffs,                   )   CASE NO.:  8:17-cv-438 AG (JCGx)
                                          )
16      v.                                )   **DEFENDANTS' ANSWER TO**
                                          )   **PLAINTIFF'S FIRST AMENDED**
17  COASTAL COCKTAILS, INC., a            )   **COMPLAINT AND**
    California corporation, doing business as )  **COUNTERCLAIMS**
18  MODERN GOURMET FOODS, and            )
    MARK GREENHALL, an individual.        )   **DEMAND FOR JURY TRIAL**
19                                        )
          Defendants.                     )
20  _____ )

21          Defendants Coastal Cocktails, Inc., doing business as Modern Gourmet

22  Foods, and Mark Greenhall (collectively, "Defendants" or "Counterclaimants"), by

23  and through their undersigned attorneys, hereby respectfully submit their Answer

24  and Counterclaims to Plaintiff's First Amended Complaint filed on May 26, 2017

25  ("Amended Complaint") by Plaintiff Globefill Incorporated ("Plaintiff" or

26  "Counterdefendant") as follows.  Except as explicitly admitted herein, each and

27  every allegation of the Amended Complaint is denied.

28

**JURISDICTION AND VENUE**

1.     Defendants admit only that the Amended Complaint purports that this is an action for damages, preliminary injunctive relief, and permanent injunctive relief, arising under (1) Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), (2) Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (as amended), (3) the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*, (4) the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*, and (5) California state breach of contract law.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 1.

2.     Parties cannot confer subject matter jurisdiction on a court. Nevertheless, Defendants do not contest subject matter jurisdiction in this District for the limited purpose of this action only.

3.     Defendants do not contest that venue is proper in this District for the limited purpose of this action only.

**THE PARTIES**

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, deny them.

5.     Admitted.

6.     Defendants admit that Mark Greenhall (hereinafter, "Mr. Greenhall") is an individual living in Newport Beach.   Defendants do not challenge that this Court has personal jurisdiction over Mr. Greenhall.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 6.

7.     Defendants admit that Mr. Greenhall is the President of Coastal Cocktails, Inc. (hereinafter, "Coastal").   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 7.

8.     Defendants deny the allegations of Paragraph 8 of the Amended Complaint.

# STATEMENT OF FACTS

9.    Defendants admit that what purports to be a depiction of Globefill's bottle packaging in the shape of a skull (hereinafter, the "Alleged Trade Dress") is attached to the Amended Complaint as Exhibit A.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Amended Complaint, and therefore deny those allegations.

10.    Defendants admit that United States Trademark Registration Certificate No. 4043730 states on its face "Globefill Incorporated (Canada Corporation)," "the mark consists of a configuration of a bottle in the shape of a skull," and "for: alcoholic beverages, namely, vodka."  Defendants further admit that what purports to be a copy of United States Trademark Registration Certificate No. 4043730 is attached to the Amended Complaint as Exhibit B.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 10.

11.    Defendants deny the allegations of Paragraph 11 of the Amended Complaint.

12.    Defendants admit that United States Copyright Registration No. VA 1-766-939 states on its face that "registration has been made for the work identified below."  Defendants further admit that what purports to be a copy of United States Copyright Registration No. VA 1-766-939 is attached to the Amended Complaint as Exhibit C.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 12.

13.    Defendants admit that United States Copyright Registration No. VA 1-766-939 states on its face that the "Year of Completion" was 2007, the "Date of 1st Publication" was September 30, 2008, and the "Effective date of registration" was April 11, 2011.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 13.

14.     Defendants admit that United States Patent No. D589,360 (hereinafter, the "'360 Patent") states on its face that it claims "[t]he ornamental design for a bottle, as shown and described." Defendants admit that the '360 Patent also states on its face that it was issued on March 31, 2009. Defendants further admit that what purports to be a copy of the '360 Patent is attached to the Amended Complaint as Exhibit D. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 14.

15.     Defendants admit that what purports to be photographs of cocktail mix in skull-shaped bottles are attached to the Amended Complaint as Exhibit E. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 15.

16.     Defendants admit that Globefill, in September 2014, filed a lawsuit against Coastal in the United States District Court for the Central District of California, Southern Division, designated Civil Action No. 14-cv-01486 DOC (DFMx) (hereinafter, the "Lawsuit"), purporting to allege claims for federal trademark infringement and federal unfair competition. Defendants admit that what purports to be a copy of the complaint filed in the Lawsuit is attached to the Amended Complaint as Exhibit F. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 16.

17.     Defendants admit that following service of the complaint filed in the Lawsuit, Coastal entered into settlement discussions with Globefill. Defendants admit that what purports to be a photograph of Coastal's previous hot sauce product in skull-shaped bottles is attached to the Amended Complaint as Exhibit G. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 17.

18.     Defendants admit that on March 2, 2015, Globefill and Coastal entered into a written settlement agreement (hereinafter, the "Settlement Agreement"), executed by Mr. Greenhall for Coastal. The document speaks for

1   itself.   Defendants admit that what purports to be a copy of the Settlement

2   Agreement is attached to the Amended Complaint as Exhibit H.   Except as

3   expressly admitted herein, Defendants deny each and every remaining allegation in

4   Paragraph 18.

5        19.    Defendants admit that what purports to be a photograph of Coastal's

6   hot sauce product in skull-shaped bottles is attached to the Amended Complaint as

7   Exhibit I.   Except as expressly admitted herein, Defendants deny each and every

8   remaining allegation in Paragraph 19.

9        20.    Defendants admit that in October 2016, John Weber, who, upon

10  information and belief, is counsel for Globefill, sent a communication to Douglas

11  Morseburg, former counsel for Coastal.   Except as expressly admitted herein,

12  Defendants deny each and every remaining allegation in Paragraph 20.

13       21.    Defendants deny the allegations of Paragraph 21 of the Amended

14  Complaint

15               **FIRST CLAIM FOR RELIEF**

16       **ALLEGED FEDERAL TRADE DRESS INFRINGEMENT**

17       22.    Defendants incorporate by reference their responses to Paragraphs 1-

18  21, as set forth above.

19       23.    Defendants deny the allegations of Paragraph 23 of the Amended

20  Complaint.

21       24.    Defendants deny the allegations of Paragraph 24 of the Amended

22  Complaint.

23       25.    Defendants deny the allegations of Paragraph 25 of the Amended

24  Complaint.

25               **SECOND CLAIM FOR RELIEF**

26        **ALLEGED FEDERAL UNFAIR COMPETITION**

27       26.    Defendants incorporate by reference their responses to Paragraphs 1-

28  25, as set forth above.

27.    Defendants deny the allegations of Paragraph 27 of the Amended Complaint.

28.    Defendants deny the allegations of Paragraph 28 of the Amended Complaint.

29.    Defendants deny the allegations of Paragraph 29 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
## ALLEGED COPYRIGHT INFRINGEMENT

30.    Defendants incorporate by reference their responses to Paragraphs 1-29, as set forth above.

31.    Defendants deny the allegations of Paragraph 30 of the Amended Complaint.

32.    Defendants deny the allegations of Paragraph 31 of the Amended Complaint.

33.    Defendants deny the allegations of Paragraph 32 of the Amended Complaint.

34.    Defendants deny the allegations of Paragraph 33 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF
## ALLEGED INFRINGEMENT OF THE '360 PATENT

35.    Defendants incorporate by reference their responses to Paragraphs 1-34, as set forth above.

36.    Defendants deny the allegations of Paragraph 36 of the Amended Complaint.

37.    Defendants admit only that Globefill has not expressly licensed Defendants under the '360 Patent.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 of the Amended Complaint, and therefore deny those allegations.

38.    Defendants deny the allegations of Paragraph 38 of the Amended Complaint.

39.    Defendants deny the allegations of Paragraph 39 of the Amended Complaint.

40.    Defendants deny the allegations of Paragraph 40 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF
## ALLEGED BREACH OF CONTRACT

41.    Defendants incorporate by reference their responses to Paragraphs 1-40, as set forth above.

42.    Defendants admit only that the Settlement Agreement constitutes a binding written contract between Globefill and Coastal.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 42.

43.    Defendants deny the allegations of Paragraph 43 of the Amended Complaint.

44.    Defendants deny the allegations of Paragraph 44 of the Amended Complaint.

45.    Defendants deny the allegations of Paragraph 45 of the Amended Complaint.

## REQUEST FOR JUDGMENT

Defendants deny that Plaintiff is entitled to any of the relief sought in paragraphs A-H of Plaintiff's request for judgment.   Defendants further deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint or to any relief whatsoever.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraphs A-H of Plaintiff's request for judgment, and therefore deny those allegations.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in their Answer, and without admitting any allegations of the Amended Complaint not expressly admitted, Defendants assert the following affirmative defenses to the Amended Complaint without assuming the burden of proof on any such defense that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

46.    As to each claim for relief, Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## TRADE DRESS NON-INFRINGEMENT

47.    Defendants or either of them have not infringed, and currently do not infringe, United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress.   United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress only confer a protectable interest, if at all, in the particular goods identified in the aforementioned Registration and as such have no bearing on any alleged trade dress infringement.

## THIRD AFFIRMATIVE DEFENSE
## NO UNFAIR COMPETITION

48.    Defendants or either of them have not engaged in any unfair competition or "false designation of origin in the nature of trade dress infringement" vis-à-vis Plaintiff and have not otherwise engaged in any unlawful activity likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association of any products of Defendants or either of them.   The identified United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress only confer a protectable interest, if at all, in the particular goods identified in the aforementioned Registration and as such have no bearing on

any alleged unfair competition, "false designation of origin in the nature of trade dress infringement," or any other alleged unlawful activity.

## FOURTH AFFIRMATIVE DEFENSE

## COPYRIGHT NON-INFRINGEMENT

49.    Defendants or either of them have not infringed, and currently do not infringe, United States Copyright Registration No. VA 1-766-939.

## FIFTH AFFIRMATIVE DEFENSE

## PATENT NON-INFRINGEMENT

50.    Defendants or either of them have not infringed, and currently do not infringe, the '360 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## SIXTH AFFIRMATIVE DEFENSE

## NO BREACH OF CONTRACT

51.    Defendants or either of them have not breached the Settlement Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

## NO VALID TRADE DRESS OR REGISTERED TRADEMARK

52.    Plaintiff has no valid, protectable trade dress or federal registered trademark in which it enjoys any rights that may be asserted against Defendants or either of them.  United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress only apply, if at all, to alcohol products, and specifically, vodka.

## EIGHTH AFFIRMATIVE DEFENSE

## COPYRIGHT INVALIDITY

53.    United States Copyright Registration No. VA 1-766-939 is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

## NINTH AFFIRMATIVE DEFENSE
## PATENT INVALIDITY AND PATENT MISUSE

54.     The claims of the '360 Patent are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171. In addition, it is unenforceable through misuse because Plaintiff knew or should have known that the claims of the '360 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 171, but is, upon information and belief, unlawfully attempting to prevent Defendants from selling hot sauce product in skull-shaped bottles, alleging infringement of a knowingly invalid patent.

## TENTH AFFIRMATIVE DEFENSE
## FAILURE TO COMPLY WITH 35 U.S.C. § 287

55.     Because Plaintiff failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff cannot recover any damages for alleged infringement of the '360 Patent.

## ELEVENTH AFFIRMATIVE DEFENSE
## FUNCTIONALITY

56.     The claims made in the Amended Complaint and the relief sought therein are barred, in whole or in part, on the basis that the elements claimed by Plaintiffs to be covered by United States Trademark Registration Certificate No. 4043730, the Alleged Trade Dress, United States Copyright Registration No. VA 1-766-939, the '360 Patent, and the use of United States Trademark Registration Certificate No. 4043730, the Alleged Trade Dress, United States Copyright Registration No. VA 1-766-939, and the '360 Patent are functional.  Therefore, those elements are not protectable.

1    ## TWELFTH AFFIRMATIVE DEFENSE

2    ## LACK OF SECONDARY MEANING AND/OR DISTINCTIVENESS

3        57.    The claims made in the Amended Complaint and the relief sought

4    therein are barred, in whole or in part, on the basis that United States Trademark

5    Registration Certificate No. 4043730 and the Alleged Trade Dress lack

6    distinctiveness, including, without limitation, secondary meaning.

7    ## THIRTEENTH AFFIRMATIVE DEFENSE

8    ## GENERIC TERMS

9        58.    The claims made in the Amended Complaint and the relief sought

10   therein are barred, in whole or in part, on the basis that United States Trademark

11   Registration Certificate No. 4043730 and the Alleged Trade Dress are generic.

12   ## FOURTEENTH AFFIRMATIVE DEFENSE

13   ## WAIVER, ACQUIESCENCE, AND ESTOPPEL

14       59.    Each of the purported claims set forth in Plaintiff's Amended

15   Complaint is barred by the doctrines of waiver, laches, acquiescence, equitable

16   estoppel, unclean hands, and/or copyright and patent misuse.

17   ## FIFTEENTH AFFIRMATIVE DEFENSE

18   ## STATUTORY DAMAGES LIMITATION

19       60.    Plaintiff's claim for damages is statutorily limited by 17 U.S.C. § 412,

20   17 U.S.C. § 507, and/or 35 U.S.C. § 286.

21   ## SIXTEENTH AFFIRMATIVE DEFENSE

22   ## ABANDONMENT

23       61.    The claims made in the Amended Complaint are barred, in whole or

24   in part, by abandonment of United States Trademark Registration Certificate No.

25   4043730 and the Alleged Trade Dress.

26

27

28

## SEVENTEENTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE

62.     The claims made in the Amended Complaint are barred, in whole or in part, because of Plaintiff's failure to mitigate damages, if such damages exist. For example, Plaintiff has refused to engage in early settlement discussions with Defendants and has failed to take prompt action to try to obtain a reasonable settlement with Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## PROSECUTION HISTORY ESTOPPEL

63.     Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of United States Trademark Registration Certificate No. 4043730, United States Copyright Registration No. VA 1-766-939, and the '360 Patent.

## NINETEENTH AFFIRMATIVE DEFENSE
## NO EQUITABLE RELIEF

64.     As a result of Plaintiff's actions, Plaintiff is not entitled to equitable relief, including but not limited to Plaintiff's request for injunctive relief.

## TWENTIETH AFFIRMATIVE DEFENSE
## NO WILLFUL INFRINGEMENT

65.     Plaintiff's claims for enhanced damages and an award of fees and costs against Defendants have no basis in fact or law and should be denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## THIRD-PARTY USE

66.     The claims made in the Amended Complaint are barred, in whole or in part, by reason of other parties' use of United States Trademark Registration Certificate No. 4043730 and the Alleged Trade Dress.

1
2

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**NO DAMAGES**

3      67.   Without admitting that the Amended Complaint states a claim, there

4   has been no damage in any amount, manner, or at all by reason of any act alleged

5   against Defendants in the Amended Complaint, and the relief prayed for in the

6   Amended Complaint therefore cannot be granted.

7
8

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**NO IRREPARABLE HARM**

9      68.   Plaintiff's claims for injunctive relief are barred because Plaintiff

10   cannot show that it will suffer any irreparable harm from Defendants' actions.

11
12

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**ADEQUATE REMEDY AT LAW**

13     69.   The alleged injury or damage suffered by Plaintiff, if any, would be

14   adequately compensated by damages.  Accordingly, Plaintiff has a complete and

15   adequate remedy at law and is not entitled to seek equitable relief.

16
17

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**DUPLICATIVE CLAIMS**

18     70.   Without admitting that the Amended Complaint states a claim, any

19   remedies are limited to the extent that there is sought an overlapping or duplicative

20   recovery pursuant to the various claims against Defendants for any alleged single

21   wrong.

22
23

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**UNJUST ENRICHMENT**

24     71.   Plaintiff will be unjustly enriched if allowed to recover any part of the

25   damages it has allegedly suffered or any other remedy from the alleged conduct of

26   Defendants.

27
28

1

2

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### CONTRARY TO PUBLIC POLICY

3

4

5

72.    To the extent that Plaintiff attempts to extend the terms of the Settlement Agreement to prevent Defendants' lawful activity, the Settlement Agreement is unenforceable and violates public policy.

6

7

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### SPECULATIVE DAMAGES

8

9

10

73.    Plaintiff's claims for lost profits and damages are barred because Plaintiff is seeking to recover lost profits and damages that are speculative in nature.

11

12

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### FALSE CLAIMS

13

14

15

16

74.    Plaintiff's claims as to Mr. Greenhall are barred as a matter of law because the Amended Complaint makes numerous blatantly false claims.  At all times thereto, Mr. Greenhall acted on behalf of Coastal.  Thus, Mr. Greenhall cannot be held personally liable in this action.

17

### ADDITIONAL DEFENSES

18

19

75.    Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

20

### COUNTERCLAIMS

21

22

23

24

Defendants Coastal Cocktails, Inc., doing business as Modern Gourmet Foods, and Mark Greenhall (collectively, "Defendants" or "Counterclaimants"), for their counterclaims against Plaintiff Globefill Incorporated ("Plaintiff" or "Counterdefendant"), allege as follows:

25

### NATURE OF THE ACTION

26

27

76.    Plaintiff filed an Amended Complaint against Defendants, alleging federally registered trade dress infringement, unfair competition and false

28

designation of origin of its Alleged Trade Dress, copyright infringement, design patent infringement, and breach of contract.

## THE PARTIES

77.    Coastal is a California corporation having its principal place of business at 18011 Mitchell South, Suite B, Irvine, California, 92614.

78.    Mr. Greenhall is an individual residing in Newport Beach, California.

79.    Upon information and belief, Plaintiff is a Canadian corporation with its principal place of business at 333 Eglinton Avenue East, Toronto, Ontario, Canada M4P 1L7.

## JURISDICTION AND VENUE

80.    This action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (as amended); the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*; the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*; and California state breach of contract law.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.  This Court has subject matter jurisdiction over Plaintiff because, among other reasons, Plaintiff availed itself of the jurisdiction of this Court and engaged in acts giving rise to this controversy in this District.  There is a justiciable controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

81.    Venue is appropriate in the District under 28 U.S.C. §§ 1391 and 1400(a)-(b).

## STATEMENT OF FACTS

82.    On May 26, 2017, Plaintiff and Counterdefendant Globefill Incorporated filed an Amended Complaint against Defendants and Counterclaimants Coastal Cocktails, Inc., doing business as Modern Gourmet Foods, and Mark Greenhall.  The Amended Complaint alleges causes of action for federally registered trade dress infringement under Section 32 of the Lanham Act,

1    unfair competition and false designation of origin under Section 43(a) of the

2    Lanham Act, copyright infringement, design patent infringement, and breach of

3    contract.

4          83.   Plaintiff alleges in its Amended Complaint that it is the owner of all

5    intellectual property rights consisting of and embodied in the Alleged Trade Dress.

6          84.   Among these alleged intellectual property rights, Plaintiff alleges that

7    it is the owner of United States Trademark Registration No. 4,043,730.  During

8    prosecution of the alleged federal trademark registration, Globefill stated that "the

9    mark is in use in commerce on or in connection with all of the goods/all of the

10   services . . . listed in the existing registration for this specific class: alcoholic

11   beverages, namely, vodka."

12         85.   In addition, during prosecution of United States Trademark

13   Registration No. 4,043,730, the Examining Attorney refused registration on

14   grounds of non-distinctiveness.  In so refusing, the Examining Attorney stated that

15   "the applied-for mark consists of a nondistinctive configuration of packaging for

16   the goods . . . the skull shape is a commonly used decorative shape that would be

17   viewed by consumers not as an indication of source, but rather, merely as a

18   decoration or ornamental feature of the packaging of the goods."  In support of her

19   statement that the skull-shaped design was a "commonly used decorative shape,"

20   the Examining Attorney further attached numerous depictions of prior skull-shaped

21   objects, including, but not limited to, skull-shaped glass mugs, beer glasses, glass

22   pitchers, glass poison bottles, bowls, dishes, telephones, chocolate candies,

23   earbuds, headphones, DVD players, candles, and USB drives.

24         86.   In response to this rejection, Globefill made several narrowing

25   arguments that limited its federal trademark registration to skull product packaging

26   in the alcohol and spirits industry, and specifically, vodka.  In particular, Globefill

27   stated in a June 27, 2010 Response to Office Action that "[i]t is hard to imagine

28   how an alcoholic beverage could be encased in a more distinctive package than

Applicant's Skull Product Packaging . . . Applicant submits a representative list of vodka and photographs of the bottles for those vodkas, as it is apparent, Applicant's bottle is the only skull-shaped bottle . . . Furthermore, Applicant's Skull Product Packaging has been recognized as unique in the industry . . . Applicant's Skull Product Packaging is the only skull-shaped bottle in the alcoholic industry.  In addition to being unique as a container in the spirits field. . . . Applicant's Skull Product Packaging is especially unique in the alcoholic beverage industry and indeed is the only one of its kind in the market.  Applicant's Skull Product Packaging also does not describe anything about its particular content, vodka . . . The evidence the examining attorney relies on does not . . . reflect any use of the skull shape in the alcoholic beverage industry . . . Applicant's Skull Product Packaging is a[] unique container configuration in relation to vodka. . . ."

87.    Thus, on information and belief, Globefill narrowed the scope of its federal trademark registration to the use of the skull-shaped bottle design in connection with alcoholic beverages, namely, vodka.  Coastal's hot sauce product in skull-shaped bottles is an unrelated good to those that United States Trademark Registration No. 4,043,730 is directed towards, as it is not vodka or an alcoholic beverage.

88.    In its Amended Complaint, Globefill also alleges that it is the owner of United States Copyright Registration No. VA 1-766-939 and that Defendants have infringed United States Copyright Registration No. VA 1-766-939.

89.    United States Copyright Registration No. VA 1-766-939 claims a glass bottle designed in the shape of an anatomical human skull.  It is well-established in the copyright case law that, if otherwise valid, this copyright registration is limited only to the artistic features in the claimed skull-bottle design that are not governed by human anatomy or the glass medium.  Thus, the scope of United States Copyright Registration No. VA 1-766-939 is narrow.

90.     Globefill further alleges in its Complaint that it is the owner of the '360 Patent.   The '360 Patent claims "[t]he ornamental design for a bottle, as shown and described."   Figures 1-6 of the '360 Patent depict a glass bottle designed in the shape of an anatomical human skull.   It is well-established in the patent case law that, if otherwise valid, this design patent is limited to only the ornamental aspects of the claimed design, and does not extend to the associated functional aspects.   Further, there are several prior art references directed to skull-shaped bottle designs that were in the public domain as of at least 1875, such as U.S. Design Patent Nos. D23,399; D49,569; D117,550; D164,265; D431,463; D459,213.   Thus, the scope of the '360 Patent, if otherwise valid, is also narrow.

## DEFENDANTS' FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF TRADE DRESS NON-INFRINGEMENT

91.     Defendants refer to and incorporate the allegations of Paragraphs 76-90 of their Counterclaims above.

92.     An actual and justiciable controversy exists between Plaintiff and Defendants as to the non-infringement of United States Trademark Registration No. 4,043,730 and the Alleged Trade Dress, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

93.     Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants do not infringe and have not infringed United States Trademark Registration No. 4,043,730 and the Alleged Trade Dress.

## DEFENDANTS' SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

94.     Defendants refer to and incorporate the allegations of Paragraphs 76-93 of their Counterclaims above.

95.     An actual and justiciable controversy exists between Plaintiff and Defendants as to the alleged unfair competition, the alleged "false designation of

origin in the nature of trade dress infringement," and other alleged unlawful activity, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

96.    Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants have not engaged in, and are not engaging in, unfair competition, "false designation of origin in the nature of trade dress infringement," and other alleged unlawful activity.

## DEFENDANTS' THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

97.    Defendants refer to and incorporate the allegations of Paragraphs 76-96 of their Counterclaims above.

98.    An actual and justiciable controversy exists between Plaintiff and Defendants as to the non-infringement of United States Copyright Registration No. VA 1-766-939, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

99.    Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants do not infringe and have not infringed United States Copyright Registration No. VA 1-766-939.

## DEFENDANTS' FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

100.   Defendants refer to and incorporate the allegations of Paragraphs 76-99 of their Counterclaims above.

101.   An actual and justiciable controversy exists between Plaintiff and Defendants as to the non-infringement of the '360 Patent, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

102.   Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants do not infringe and have not infringed the '360 Patent.

## DEFENDANTS' FIFTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF TRADE DRESS AND TRADEMARK INVALIDITY AND UNENFORCEABILITY

103.   Defendants refer to and incorporate the allegations of Paragraphs 76-102 of their Counterclaims above.

104.   An actual and justiciable controversy exists between Plaintiff and Defendants as to the invalidity and unenforceability of United States Trademark Registration No. 4,043,730 and the Alleged Trade Dress, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

105.   Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that United States Trademark Registration No. 4,043,730 and the Alleged Trade Dress are invalid and unenforceable.

## DEFENDANTS' SIXTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF COPYRIGHT INVALIDITY AND UNENFORCEABILITY

106.   Defendants refer to and incorporate the allegations of Paragraphs 76-105 of their Counterclaims above.

107.   An actual and justiciable controversy exists between Plaintiff and Defendants as to the invalidity and unenforceability of United States Copyright Registration No. VA 1-766-939, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

108.   Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that United States Copyright Registration No. VA 1-766-939 is invalid and unenforceable.

## DEFENDANTS' SEVENTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY

109.   Defendants refer to and incorporate the allegations of Paragraphs 76-108 of their Counterclaims above.

110.   An actual and justiciable controversy exists between Plaintiff and Defendants as to the invalidity and unenforceability of the '360 Patent, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

111.   Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that the '360 Patent is invalid and unenforceable.

## DEFENDANTS' EIGHTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT

112.   Defendants refer to and incorporate the allegations of Paragraphs 76-111 of their Counterclaims above.

113.   An actual and justiciable controversy exists between Plaintiff and Defendants as to the alleged breach of the Settlement Agreement, as evidenced by Plaintiff's Amended Complaint and Defendants' Answer to that Amended Complaint, set forth above.

114.   Pursuant to the Federal Declaratory Judgment Act, Defendants request a declaration of the Court that Defendants or either of them have not breached the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants deny that Plaintiff is entitled to any of the relief sought in its request for judgment or any relief whatsoever.  Defendants and Counterclaimants respectfully request that this Court enter judgment in their favor, and against Plaintiff, as follows:

A.      That Plaintiff be denied all relief requested in its Amended Complaint;

1          B.      That Plaintiff's Amended Complaint be dismissed with prejudice in

2    its entirety and that Plaintiff take nothing by its Amended Complaint;

3          C.      That the Court enter a declaration that Defendants or either of them

4    have not engaged in, and are not engaging in, unfair competition, "false

5    designation of origin in the nature of trade dress infringement," and other alleged

6    unlawful activity.

7          D.      That the Court enter a declaration that Defendants or either of them

8    have not infringed and do not infringe United States Trademark Registration No.

9    4,043,730, the Alleged Trade Dress, United States Copyright Registration No. VA

10   1-766-939, and the '360 Patent;

11         E.      That the Court enter a declaration that United States Trademark

12   Registration No. 4,043,730, the Alleged Trade Dress, United States Copyright

13   Registration No. VA 1-766-939, and the '360 Patent are invalid and unenforceable;

14         F.      That the Court enter a declaration that Defendants or either of them

15   have not breached the Settlement Agreement;

16         G.      That the Court enter a declaration that this case is exceptional and that

17   Defendants be awarded their costs, expenses, and reasonable attorneys' fees

18   pursuant to 15 U.S.C. § 1117, 35 U.S.C. § 285, and 17 U.S.C. § 505;

19         H.      That Defendants be awarded such other and further relief as the Court

20   deems just and equitable.

21

22   Dated:  June 9, 2017          WILSON SONSINI GOODRICH & ROSATI

23                                Professional Corporation

24

25                                By:  */s/  Lisa D. Zang*

26                                     Lisa D. Zang

27                               Attorneys for Defendants and
                                 Counterclaimants

28                               COASTAL COCKTAILS, INC., dba
                                 MODERN GOURMET FOODS, and MARK
                                 GREENHALL

1

## JURY DEMAND

2      Pursuant to Federal Rule of Civil Procedure 38, Defendants and

3  Counterclaimants Coastal Cocktails, Inc., doing business as Modern Gourmet

4  Foods, and Mark Greenhall hereby demand a jury trial of all issues triable by a

5  jury.

6

7

8  Dated:  June 9, 2017                    WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation
9

10

11                                         By:  /s/  Lisa D. Zang
                                                    Lisa D. Zang
12
                                           Attorneys for Defendants and
13                                         Counterclaimants
                                           COASTAL COCKTAILS, INC., dba
14                                         MODERN GOURMET FOODS, and MARK
                                           GREENHALL
15

16

17

18

19

20

21

22

23

24

25

26

27

28