## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement"), effective from the date upon which it is fully executed ("Effective Date"), is made by and between Globefill Incorporated, a company organized under the laws of Canada, having a place of business at 1810 Avenue Road, Suite 300, Toronto, Ontario, Canada M5M 3Z2 (hereinafter referred to as "Globefill"), on the one hand, and Coastal Cocktails, Inc., a company organized under the laws of California, having a place of business at 18011 Mitchell South, Suite B, Irvine, California, 92614 (hereinafter "Coastal Cocktails") and Mark Greenhall, an individual residing in Newport Beach, California (hereinafter, "Greenhall"), on the other hand.  Coastal Cocktails and Greenhall will sometimes be referred to collectively as "Coastal";  Globefill, Coastal Cocktails and Greenhall will sometimes each be referred to individually as a "Party" and collectively as "the Parties."

## RECITALS

WHEREAS, Globefill filed a lawsuit against Coastal Cocktails, designated *Globefill Incorporated v. Coastal Cocktails, Inc. and Mark Greenhall*, Civil Action No.8:17-cv-00438-AG-JCG in the United States District Court for the Central District of California (hereinafter, the "Action"), alleging claims for breach of contract, federal trademark infringement, federal unfair competition, copyright infringement, and design patent infringement and Coastal Cocktails and Greenhall asserted affirmative defenses and declaratory judgment counterclaims of no breach of contract; no infringement of trade dress, copyright, and design patent; and invalidity and unenforceability of trade dress, copyright, and design patent, among other affirmative defenses and counterclaims; and

WHEREAS, the Parties to the Action, having through mediation on January 17, 2018, reached an agreement resolving and settling all claims and counterclaims in the Action, such agreement providing that the "Final Judgment and Injunction on Consent and Dismissal," in form and content as set forth in Exhibit A (hereinafter, the "Consent Judgment"), shall be filed and entered in the Action, subject to the approval of the Court.

NOW, THEREFORE, in consideration of the above premises and the promises and agreements set forth below, along with other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, each intending to be legally bound hereby, do promise and agree to the settlement terms set forth below:

- 1 -

1. Coastal states that it has ceased producing, distributing, selling, offering for sale, or shipping products in skull-shaped bottles as depicted in Exhibit B (hereinafter, the "Accused Packaging"), and subject to Globefill's compliance with the Agreement and the provisions of paragraph 2 below, Coastal agrees to permanently desist from any further production, distribution, sale, offer for sale, or shipment of any product in the Accused Packaging.  Coastal further agrees that it shall permanently desist from any production, distribution, sale, offer for sale, or shipment of any product comprised of or contained in a vessel that is entirely, *i.e.*, across all three dimensions and in 360º, shaped as a human skull (the "Prohibited Skull Vessels"), whether empty or containing product, anywhere in the world.  Moreover, in the event that each and all of United States Patent and Trademark Office ("USPTO") Trademark Registration No. 4043730; the alleged trade dress; United States Copyright Registration No. VA 1-766-939; and USPTO Design Patent No. D598,360 are held by judgment of a court of competent jurisdiction to be invalid or unenforceable, the foregoing obligation to cease and desist shall be null and void.  This Agreement does not constitute any admission or acknowledgement by Coastal Cocktails or Greenhall that any of Globefill's intellectual property, including USPTO Trademark Registration No. 4043730; the alleged trade dress; United States Copyright Registration No. VA 1-766-939; or USPTO Design Patent No. D598,360 is valid and enforceable.

2. Coastal states that it has in hand open orders for sale of hot sauce in the Accused Packaging as specifically identified in Exhibit C (hereinafter, the "Excepted Products"), with Exhibit C being provided to counsel for Globefill on a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" basis pursuant to the Protective Order entered in this case (ECF # 31).  Notwithstanding Coastal's Agreement to desist pursuant to paragraph 1 above, Coastal may continue to sell and ship the Excepted Products limited solely to fulfilling the existing orders identified in Exhibit C, up to and including December 31, 2018.

3. From and after the Effective Date of this Agreement, with the exception of the Excepted Products and subject to paragraph 1 above, all sales and shipments by Coastal Cocktails of products in the Accused Packaging and/or of any Prohibited Skull Vessels shall be subject to a ten dollar ($10.00) liquidated damages payment per bottle or vessel

(hereinafter "Royalty") payable to Globefill.  Said Royalty shall be paid within thirty (30) days following written notice to Coastal Cocktails by Globefill of the identity and number of units of the Accused Packaging and/or of the Prohibited Skull Vessels found anywhere in the world which violate the restrictions and limitations of paragraphs 1 and 2 above.  Within said written notice, Globefill shall designate a bank to act as its agent to receive from Coastal Cocktails all payments payable under the terms hereof, and all such payments may be made by paying or tendering the same to Globefill, or to the bank for Globefill's credit, which bank shall continue as the depository for all Royalty payments hereunder.  All payments to Globefill or said depository bank shall be made at Coastal Cocktails' choice, as appropriate, by:  (i) mailing or by delivering a check, (ii) electronic exchange of funds between accounts held at U.S. financial institutions through the Automated Clearing House network ("ACH"), or (iii) wire transfer.  Globefill shall be responsible for all maintenance payments associated with maintaining any accounts with said depository bank.

4.  Within thirty (30) days of the Effective Date of this Agreement, Coastal Cocktails shall pay Globefill the amount of twenty-eight thousand dollars ($28,000.00).  Such payment to Globefill or the depository bank referenced in paragraph 3 above shall be made at Coastal Cocktails' choice, as appropriate, by:  (i) mailing or delivering a check, (ii) electronic exchange of funds between accounts held at U.S. financial institutions through the ACH, or (iii) wire transfer.  Globefill shall be responsible for all maintenance payments associated with maintaining any accounts with said depository bank.

5.  Nothing contained herein shall prohibit Coastal Cocktails from producing, distributing, using, selling, offering for sale, or shipping non-alcoholic beverages in a jar which bears a relief of a skull "face" on one side of the jar, as depicted in Exhibit D.

6.  Except for the rights and obligations expressly created or retained in this Agreement and in the Consent Judgment, Globefill, and its officers, directors, owners, shareholders, agents, employees, representatives, attorneys, parents, subsidiaries, partners, joint venturers and affiliates, hereby remises, releases, forever quitclaims, and discharges Coastal Cocktails, Greenhall, and each of their respective officers, directors, owners, shareholders, agents, employees, representatives, attorneys, parent companies, subsidiaries, partners, joint venturers, affiliates, spouses, and also including customers

who have purchased any products in the Accused Packaging from Coastal (hereinafter referred to collectively as the "Coastal Released Parties") from any and all manner of actions, claims, debts, liabilities, demands, obligations, costs, expenses, attorneys' fees, actions and causes of action, of every nature, character, and description, arising out of or based upon claims, causes of action, allegations, and counterclaims that were or could have been asserted in the Action, whether known or unknown, suspected or unsuspected, from the beginning of time to the Effective Date.  This release is intended to be given its broadest possible interpretation and is to resolve all disputes between the Parties as they existed on or before the Effective Date.

7.  Except for the rights and obligations expressly created or retained in this Agreement and in the Consent Judgment, Coastal Cocktails, Greenhall, and each of their respective officers, directors, owners, shareholders, agents, employees, representatives, attorneys, parent companies, subsidiaries, partners, joint venturers, affiliates and spouses, hereby remise, release, forever quitclaim and discharge Globefill, and its officers, directors, owners, shareholders, agents, employees, representatives, attorneys, parent companies, subsidiaries, partners, joint venturers and affiliates, (the "Globefill Released Parties") from any and all manner of actions, claims, debts, liabilities, demands, obligations, costs, expenses, attorneys' fees, actions and causes of action, of every nature, character and description, arising out of or based upon claims, causes of action, allegations, and counterclaims that were or could have been asserted in the Action, whether known or unknown, suspected or unsuspected, from the beginning of time to the Effective Date.  This release is intended to be given its broadest possible interpretation and is to resolve all disputes between the Parties as they existed on or before the Effective Date.

8.  Each Party to this Agreement acknowledges that there is a risk that subsequent to the execution of this Agreement, it or he may discover claims which were unknown or unanticipated at the time this Agreement was executed, which, if known on the date of this Agreement, may have materially affected the Party's decision to give the releases contained in this Agreement.  Each Party agrees that it or he is assuming the risk of such unknown and unanticipated facts and claims, and in connection herewith, each Party hereby expressly waives any and all rights under California Civil Code Section 1542, which provides as follows:

4841-5879-3310.22

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

9. The Parties shall file the Final Judgment and Injunction on Consent and Dismissal attached hereto as Exhibit A within ten (10) days following the Effective Date of this Agreement.  This Agreement, as executed, shall not take effect until the Consent Judgment and Dismissal is entered.

10. The Parties each agree to bear their own expenses and attorneys' fees incurred in connection with this Agreement and the Action.

11. Should any clause, sentence, or paragraph of this Agreement judicially be declared to be invalid, unenforceable, or void, such decision shall not have the effect of invalidating or voiding the remainder of this Agreement.  The Parties agree that the part or parts of this Agreement so held to be invalid, unenforceable, or void shall be deemed to have been stricken, and the Parties agree to negotiate in good faith terms to replace the stricken part or parts in a manner that most reasonably meets the intent of the Parties.

12. This Agreement will be binding on and will inure to the benefit of each Party's successors and assigns.

13. All disputes arising out of or in connection with this Agreement must be brought in the United States District Court for the Central District of California ("District Court") and the Parties each consent to the personal jurisdiction of that court.  The Parties each waive all objections to venue and all *forum non conveniens* objections with respect to such District Court and the Parties will not contest the personal jurisdiction of such District Court or that venue is proper in such District Court.

14. This Agreement, including the Parties' stipulation to the Consent Judgment and Dismissal, sets forth the entire agreement and understanding between the Parties as to the subject matter of this Agreement and merges all prior discussions between them.

Neither Party shall be bound by any modification of this Agreement, other than as expressly provided in this Agreement or as duly set forth on or subsequent to the date hereof in writing and signed by a duly authorized representative of both Parties.

In witness whereof, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives with full authority to bind the entity for which he is signing as of the dates shown below.

**Globefill Incorporated**

_____
Signature

_____
Name

_____
Title

_____
Date

**Coastal Cocktails, Inc.**

_____
Signature

By Boaz Shonfeld
_____
Name

Chairman
_____
Title

6 - 18 - 18
_____
Date

_____
Signature

Mark Greenhall
**Mark Greenhall, an individual**

6-18-18
_____
Date

– 6 –

4841-5879-3310.22

EXHIBIT A

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GLOBEFILL INCORPORATED, a Canadian corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>COASTAL COCKTAILS, INC., a California corporation, doing business as MODERN GOURMET FOODS, and MARK GREENHALL, an individual,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 8:17-cv-438 AG (JCGx)<br><br>**[PROPOSED] FINAL JUDGMENT AND INJUNCTION ON CONSENT AND DISMISSAL** |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties to the above action (the "Action"), having through mediation on January 17, 2018, reached an agreement resolving and settling all claims and counterclaims in the Action, such agreement including the parties' stipulation to this Final Judgment and Injunction on Consent and Dismissal; the Court, being fully advised in the premises; and GOOD CAUSE appearing, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.     This Court has jurisdiction over the parties and the subject matter of this Action.

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

3.     As to only the claims of Plaintiff Globefill Incorporated ("Globefill") for federally registered trademark infringement, trade dress infringement, copyright infringement, and design patent infringement against only Defendant Coastal Cocktails, Inc. ("Coastal Cocktails"), the packaging depicted in Exhibit A hereto and the packaging depicted in Exhibit B hereto (such packaging collectively referred to herein as the "Accused Packaging") infringes upon United States Patent and Trademark Office ("USPTO") Trademark Registration No. 4043730; the alleged trade dress; United States Copyright Registration No. VA 1-766-939; and USPTO Design Patent No. D598,360.

4.     The Court has not adjudicated the validity or enforceability of the intellectual property identified in paragraph 3 above.

5.     All claims and counterclaims in this action are dismissed WITH PREJUDICE, except for Defendants' counterclaims for declaratory judgment of trade dress and trademark invalidity and unenforceability, declaratory judgment of copyright invalidity and unenforceability, and declaratory judgment of patent invalidity and unenforceability, which are dismissed WITHOUT PREJUDICE.

6.     Defendant Coastal Cocktails, Inc., its agents, servants, employees, and all persons in active concert or participation with it who receive actual notice of

- 2 -

this injunction, are immediately and permanently enjoined and restrained from producing, inducing the production of, distributing, selling, and/or offering to sell any cocktail mix or hot sauce in the Accused Packaging in the United States.

7.    Each party will bear its own expenses and attorneys' fees incurred in connection with this Action.

8.    The Court retains jurisdiction to enforce the provisions of this Judgment and Dismissal.

**IT IS SO ORDERED.**

Dated: _____        _____

DISTRICT JUDGE ANDREW J. GUILFORD

- 3 -

EXHIBIT A



EXHIBIT B






# EXHIBIT B








# EXHIBIT C

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| Image | Item Number | Item Name | Forecast Qty - Units | Forecast Type | Wholesale | Total Wholesale | Collection | Product Category |
|---|---|---|---|---|---|---|---|---|

REDACTED

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**EXHIBIT D**

